UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE M. SMALLWOOD, an individual,

    Plaintiff,

vs.

APPLEBEE'S SERVICES, INC., a foreign corporation, and NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, a Florida limited liability company,

    Defendants.
_____/

Civ:_____

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, BLAKE M. SMALLWOOD, an individual (hereinafter "Plaintiff"), by and through her undersigned attorney sues defendants, APPLEBEE'S SERVICES, INC., a foreign corporation, ("Applebee's") and NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, a Florida limited liability company, ("Neighborhood Restaurant") and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to Title 42 of the United States Codes, Section 2000e, *et seq.* (known as Title VII of the Civil Rights Act of 1964 as amended or "Title VII,") and Title 28 of the United States Codes, Section 1331.

2. This court's pendant jurisdiction is also invoked pursuant to Title 28 of the United States Codes, Section 1367.

3. The unlawful employment practices alleged herein were committed in whole or in part in the Middle District of Florida.

## PARTIES

4. Plaintiff is an individual who resides in Pinellas County Florida.

5. Defendant, Applebee's, is a foreign corporation doing business throughout the State of Florida.

6. Defendant, Neighborhood Restaurant, is a Florida limited liability company with its principle place of business being in Pinellas County, Florida.

7. Plaintiff served as a waitress at the Applebee's located at 4400 Park Blvd. N., Pinellas Park, Florida 33781 from June 28, 2012, to November 3, 2012.

8. At all times relevant herein, Plaintiff was an "employee" of Applebees within the meaning of 42 U.S.C. 2000 *et seq*.

9. At all times relevant herein, Applebee's was an "employer" of Plaintiff within the meaning of 42 U.S.C. 2000 *et seq*.

10. At all times relevant herein, Neighborhood Restaurant was an "employer" of Plaintiff within the meaning of 42 U.S.C. 2000 *et seq*.

11. Plaintiff has been obliged to retain the undersigned law firm and to become obligated for the payment of reasonable fees and costs in this matter.

## PROCEDURAL REQUIREMENTS

12. Plaintiff has satisfied the procedural requirements prior to commencing this action including the initial filing of charges with the U.S. Equal Employment Opportunity Commission ("EEOC"), the receipt from the EEOC of a Right to Sue letter for charge # 511-2013-00401 alleging sexual harassment, hostile work environment, and retaliation, and having filed this action within ninety (90) days of receipt of same, having received the Right to Sue Letter on April 11, 2014. The Right to Sue letter is attached hereto as Exhibit "A."

## COUNT I - VIOLATION OF TITLE VII
## TANGIBLE EMPLOYMENT ACTION
### (against Applebee's and Neighborhood Restaurant)

13. The Plaintiff realleges paragraphs one through twelve above as if fully stated herein.

14. Plaintiff was employed by defendants, Applebee's and Neighborhood Restaurant, in the position of waitress.

15. Jeff Osborne, ("Osborne") was employed by defendants, Applebee's and Neighborhood Restaurant, in the position of assistant manager.

16. As assistant manager, Osborne had the ability to hire, fire, discipline, demote and grant raises for the Plaintiff.

17. As assistant manager, Osborne had the power to make personnel decisions regarding Plaintiff's employment.

18. As assistant manager, Osborne subjected the Plaintiff to unwelcome sexual harassment which harassment was based on the Plaintiff's sex.

19. On November 3, 2012, Plaintiff and Osborne were engaged in small talk about fishing at work, when Osborne requested to see pictures from Plaintiff's recent fishing trip. Plaintiff obliged by showing Osborne a recent photograph of herself holding a shark that she had caught. Osborne immediately zoomed in on the picture of Plaintiff and said "Damn, you got big tits." Osborne's actions made Plaintiff very uncomfortable.

20. Also, on November 3, 2012, while taking a break from her shift, Osborne approached the Plaintiff and asked her if he could see her butt. When Plaintiff declined, Osborne proceeded to pull down Plaintiff's pants exposing part of her buttocks. Again, this made the Plaintiff uncomfortable and she immediately put an end to the behavior.

21. Still, Osborne proceeded with the harassment. He then pulled up Plaintiff's shirt and tried to lick her breasts. Plaintiff again pulled away.

22. Osborne then pulled Plaintiff into a nearby storage closet against her will, where he

pulled out his erect penis and put it on Plaintiff's hand. Plaintiff again pulled away, at which point Osborne asked her "Are you done with it?"

23. Again, Plaintiff declined further interaction with Osborne, immediately leaving the storage closet to finish out her shift in fear.

24. Also on November 3, 2013, following the incident, Plaintiff immediately contacted her boyfriend and mother to tell them what happened.

25. Plaintiff's boyfriend came to the restaurant and waited in the lounge while Plaintiff finished her shift.

26. Osborne who noticed Plaintiff's boyfriend waiting, crudely asked Plaintiff, "is that the guy you are fucking?"

27. At the end of her shift, Plaintiff found herself alone with Osborne again because she had to turn in her money for the evening. During this interaction, Osborne again persisted to harass Plaintiff by asking her to "hook up outside of work." Plaintiff again reject these advances, at which point Osborne seemed to get nervous. He then asked Plaintiff whether she intended on telling anyone about the incidents that evening.

28. Immediately following Plaintiff's shift, she filed a criminal complaint with the Pinellas Park Police Department alleging a sexual battery against Osborne.

29. Following the incident, it became apparent that other employees at the same Applebee's location have been subjected to similar grossly inappropriate behavior by General Manager, Mike Clayton.

30. Also following the incident, it became apparent that other employees have suffered similar abuse from Osborne at multiple Applebee's locations.

31. Furthermore, it has been determined that after learning of the sexual assault and criminal complaint against Osborne the Area Director of Neighborhood Restaurant

Partners Florida, LLC., Randy Murphy and Mike Clayton permitted Osborne to continue working in this restaurant in a management capacity. Osborne continued to supervise other females.

32. After completion of their investigation, Applebee's offered to transfer Plaintiff to another location, which would have been tantamount to a demotion as Plaintiff had cultivated a regular clientele that come in the nights she works. A transfer to a new location would deprive Plaintiff of her regulars and the income they provide.

33. During her orientation, Plaintiff did receive a sexual harassment policy from Applebee's, but at no time during her employment did management reprimand any staff members for their inappropriate actions. In fact, Plaintiff was told by her trainer that sexual harassment from the kitchen staff was just something that you were expected to "put up with."

34. Applebee's management has fostered, condoned and even participated in the lewd acts described herein

35. The atmosphere at this Applebee's and the unconscionable acts perpetrated by the management staff which have been described herein are offensive by any standard and have made it impossible for Plaintiff to return to work. This has caused considerable economic hardship.

36. Furthermore, the incidents described, herein, have caused Plaintiff to live in fear of retaliation by Applebee's and Jeff Osborne. Plaintiff has recently sought the treatment of a physician for issues caused by these incidents.

37. After reporting the incidents to management, Plaintiff was not allowed to continually work at the same Applebee's location, although Osborne was.

38. The actions described above taken by both defendants were deliberate, intentional, and

malicious, or in the alternative were undertaken with reckless disregard for the civil rights of the Plaintiff, and the Plaintiff is entitled to punitive damages.

WHEREFORE, BLAKE M. SMALLWOOD, an individual, demands judgment against Defendants, APPLEBEE'S SERVICES, INC., a foreign corporation, and NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, a Florida limited liability company, as follows:

A. Enter judgment that defendants unlawfully discriminated against Plaintiff in violation of Title VII.

B. Enter judgment that defendants' termination of Plaintiff constitutes a violation of Title VII.

C. Issue an injunction requiring defendant to reinstate Plaintiff to her former position, or to grant front pay if reinstatement is impractical or is denied.

D. Award Plaintiff her lost wages, value of lost benefits, bonuses and other monetary losses caused by defendant's unlawful termination of Plaintiff's employment.

E. Award Plaintiff front pay, fringe benefits and other compensation.

F. Award Plaintiff her reasonable costs and legal fees in this action.

G. Award such other relief as this court deems just and proper.

### COUNT II - VIOLATION OF TITLE VII
### HOSTILE WORK ENVIRONMENT
### (against Applebee's and Neighborhood Restaurant)

38. The Plaintiff realleges paragraphs one through thirty-seven above as if fully stated herein.

39. As assistant manager, Osborne subjected the Plaintiff to unwelcome sexual harassment which harassment was based on the Plaintiff's sex.

40. The sexual conduct was unwelcome.

41. The unwelcome conduct of Osborne was sufficiently severe and pervasive as to alter the terms and conditions of the Plaintiff's employment or create an intimidating, hostile or offensive work environment.

42. Defendants, Applebee's and Neighborhood Restaurant knew or should have known of the harassment and failed to take prompt and remedial measures to stop it.

43. Plaintiff suffered damages as a result.

WHEREFORE, BLAKE M. SMALLWOOD, an individual, demands judgment against Defendants, APPLEBEE'S SERVICES, INC., a foreign corporation, and NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, a Florida limited liability company, as follows:

A. Enter judgment that defendants unlawfully discriminated against Plaintiff in violation of Title VII.

B. Enter judgment that defendants' action toward Plaintiff constitutes a violation of Title VII.

C. Issue an injunction requiring defendant to reinstate Plaintiff to her former position, or to grant front pay if reinstatement is impractical or is denied.

D. Award Plaintiff her lost wages, value of lost benefits, bonuses and other monetary losses caused by defendant's unlawful action during Plaintiff's employment.

E. Award Plaintiff front pay, fringe benefits and other compensation;

F. Award Plaintiff her reasonable costs and legal fees in this action and

G. Such other relief as this court deems just and proper.

## COUNT III - VIOLATION OF TITLE VII-RETALIATION
### (against Applebee's and Neighborhood Restaurant)

44. The Plaintiff realleges paragraphs one through thirty-seven and thirty-nine through forty-three above as if fully stated herein.

45. Plaintiff engaged in a protected activity or opposition.

46. Plaintiff complained to a corporate employee of sexual harassment by Defendants' employee, Osborne.

47. Plaintiff suffered an adverse employment action in that her job was terminated by Defendants.

48. A causal connection exists between Plaintiff's protected activity and the adverse action in that Plaintiff was not invited to continue her employment after forging a complaint to management; however Osborne was.

49. A causal connection exists between Plaintiff's protected activity and the adverse action in that Plaintiff had no performance issues on the job for the entire course of her employment and was terminated shortly after she complained.

50. Plaintiff suffered damages as a result of the retaliatory action.

WHEREFORE, BLAKE M. SMALLWOOD, an individual, demands judgment against Defendants, APPLEBEE'S SERVICES, INC., a foreign corporation, and NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, a Florida limited liability company, as follows:

    A. Enter judgment that defendants' termination of Plaintiff constitutes a violation of Title VII.

    B. Issue an injunction requiring defendant to reinstate Plaintiff to her former position, or to grant front pay if reinstatement is impractical or is denied.

    C. Award Plaintiff her lost wages, value of lost benefits, bonuses and other monetary losses caused by defendant's unlawful termination of Plaintiff's

employment.

D. Award Plaintiff front pay, fringe benefits and other compensation;

E. Award Plaintiff her reasonable costs and legal fees in this action and

F. Such other relief as this court deems just and proper.

### COUNT IV - NEGLIGENT RETENTION
### (against Applebee's and Neighborhood Restaurant)

51. The Plaintiff realleges paragraphs one through thirty-seven, thirty-nine through forty-three, and forty-five through fifty above as if fully stated herein.

52. Defendants, Applebee's and Neighborhood Restaurant have a duty to adequately supervise their employees.

53. Defendants, Applebee's and Neighborhood Restaurant have a duty to adequately investigate complaints of sexual harassment by their employees.

54. Defendants, Applebee's and Neighborhood breached thier duty by failing to investigate Plaintiff's complaint.

55. Defendants, Applebee's and Neighborhood breached that duty by allowing Osborne to sexually harass Plaintiff.

56. Defendants, Applebee's and Neighborhood breached that duty by allowing Osborne to engage in sexual harassment sufficiently severe and pervasive as to create a hostile work environment.

57. Defendants' negligence caused Plaintiff to suffer damages.

WHEREFORE, BLAKE M. SMALLWOOD, an individual, demands judgment against Defendants, APPLEBEE'S SERVICES, INC., a foreign corporation, and NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, a Florida limited liability company, as follows:

A. For general damages.

B.   For costs of suit incurred in this action.

C.   For such other relief as the Court may deem proper.

**Reservation to seek leave to claim punitive damages**

Plaintiff hereby reserves the right to seek leave to amend its complaint to assert a claim for punitive damages against the Defendants.

THE LAW OFFICES OF BOBBY JONES, P.A.

By: _____
ROBERT S. JONES, II, ESQ.
FBN 725196
HEATH C. MURPHY
FBN 85164
P.O. BOX 41643
St. Petersburg, Florida 33743
Phone No.: (727) 571-1333
Fax No.:   (727) 573-1321
E-mail: distribution@bobbyjoneslaw.com
Attorneys for Plaintiff

W:\Bobby Jones, P.A\Smallwood, Blake\Sexual Harassment\Pleadings\Complaint.wpd