UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BLAKE M. SMALLWOOD, an individual,**

    **Plaintiff,**

vs.                                          **CASE NO. 8:14-CV-1350-T-24-MAP**

**APPLEBEE'S SERVICES, INC. a foreign corporation, and a NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, a Florida limited liability company,**

    **Defendants,**
_____/

## DEFENDANT NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Neighborhood Restaurant Partners Florida, LLC, by and through its undersigned counsel, hereby answers the correspondingly-numbered paragraphs of the Complaint herein as follows:

### JURISDICTION AND VENUE

1. Defendant admits that plaintiff purports to bring this action under 42 U.S.C. § 2000e, *et seq*. However, defendant denies that it violated Title VII and denies that plaintiff is entitled to any relief under any of the claims made in the Complaint.

2. Admitted for jurisdiction purposes only. Otherwise denied.

3. Admitted for venue purposes only. Otherwise denied.

### PARTIES

4. Defendant is without knowledge as to the allegations of this paragraph, and therefore, they are denied.

5. The allegations of this paragraph are denied.

6. The allegations of this paragraph are admitted.

7. The allegations of this paragraph are admitted.

8. The allegations of this paragraph are denied.

9. The allegations of this paragraph are denied.

10. The allegations of this paragraph are admitted.

11. Defendant is without knowledge as to the allegations of this paragraph, and therefore, they are denied.

## **PROCEDURAL REQUIREMENTS**

12. Defendant avers that Exhibit "A" speaks for itself. Defendant is otherwise without knowledge as to the allegations of this paragraph and, therefore, they are denied.

## **COUNT I**

13. Defendant realleges and incorporates herein by reference its averments set forth in Paragraph Nos. 1 through 12 above.

14. The allegations of this paragraph are denied.

15. The allegations of this paragraph are denied.

16. The allegations of this paragraph are denied.

17. The allegations of this paragraph are denied.

18. The allegations of this paragraph are denied.

19. The allegations of this paragraph are denied.

20. The allegations of this paragraph are denied.

21. The allegations of this paragraph are denied.

TPA 511926531v1

22. The allegations of this paragraph are denied.

23. The allegations of this paragraph are denied.

24. Defendant is without knowledge as to the allegations of this paragraph and, therefore, they are denied.

25. Defendant is without knowledge as to the allegations of this paragraph and, therefore, they are denied.

26. The allegations of this paragraph are denied.

27. The allegations of this paragraph are denied.

28. Defendant is without knowledge as to the allegations of this paragraph and, therefore, they are denied.

29. The allegations of this paragraph are denied.

30. The allegations of this paragraph are denied.

31. The allegations of this paragraph are denied.

32. The allegations of this paragraph are denied.

33. The allegations of this paragraph are denied.

34. The allegations of this paragraph are denied.

35. The allegations of this paragraph are denied.

36. Defendant is without knowledge as to the allegations of this paragraph and, therefore, they are denied.

37. The allegations of this paragraph are denied.

38. The allegations of this paragraph are denied.

TPA 511926531v1

## COUNT II

38. [sic]. Defendant realleges and incorporates herein by reference its averments set forth in Paragraph Nos. 1 thorough 37 above.

39. The allegations of this paragraph are denied.

40. The allegations of this paragraph are denied.

41. The allegations of this paragraph are denied.

42. The allegations of this paragraph are denied.

43. The allegations of this paragraph are denied.

## COUNT III

44. Defendant realleges and incorporates herein by reference its averments set forth in Paragraph Nos. 1 through 37 and 39 through 43 above.

45. The allegations of this paragraph are denied.

46. The allegations of this paragraph are denied.

47. The allegations of this paragraph are denied.

48. The allegations of this paragraph are denied.

49. The allegations of this paragraph are denied.

50. The allegations of this paragraph are denied.

## COUNT IV

51. Defendant realleges and incorporates herein by reference its averments set forth in Paragraph Nos. 1 through 37, 39 through 43, and 45 through 50 above.

52. The allegations of this paragraph are denied.

53. The allegations of this paragraph are denied.

TPA 511926531v1

54. The allegations of this paragraph are denied.

55. The allegations of this paragraph are denied.

56. The allegations of this paragraph are denied.

57. The allegations of this paragraph are denied.

**ALL ALLEGATIONS NOT SPECIALLY ADMITTED ARE DENIED.**

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state any claims upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

To the extent plaintiff's claims were not the subject of, or reasonably related to, a timely-filed and properly verified charge with the Equal Employment Opportunity Commission ("EEOC"), her claims are barred for failure to exhaust administrative remedies and failure to satisfy conditions precedent to this suit.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that plaintiff failed to timely file and properly verify a charge with the EEOC within 365 days of any alleged harassment, her claims are barred for failure to exhaust administrative remedies and failure to satisfy conditions precedent to this suit.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that plaintiff failed to cooperate and assist with the investigation of a timely-filed and properly verified charge of discrimination by the EEOC, her claims are barred for failure to exhaust administrative remedies and failure to satisfy conditions precedent to this suit.

**FIFTH AFFIRMATIVE DEFENSE**

After-acquired evidence of plaintiff's misconduct, if discovered, may bar some or all of plaintiff's claims, allegations, or alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

At all times relevant to this suit, defendant acted in good faith with regard to the plaintiff, and it has reasonable grounds for believing that its actions were not in violation of any law.

**SEVENTH AFFIRMATIVE DEFENSE**

Any alleged injury or damage sustained by plaintiff was caused by her own conduct, or factors not attributable to defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent defendant took any adverse personnel action based on any prohibited consideration, which defendant expressly denies, defendant would have taken the same personnel actions even in the absence of the impermissible motivating factor.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that any of defendant's employees acted in an unlawful manner, which defendant expressly denies, such conduct was outside the course and scope of that individual's employment, was not authorized or condoned by defendant and was undertaken without knowledge or consent of defendant.

## TENTH AFFIRMATIVE DEFENSE

To the extent that any defendant's employees acted in an unlawful manner, which defendant expressly denies, those actions were contrary to defendant's good faith efforts to comply with applicable law.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff was subjected to unlawful harassment or retaliation, which defendant expressly denies, defendant exercised reasonable care to prevent and correct promptly any harassing behavior, and plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by her employer or to avoid harm otherwise.

## TWELFTH AFFIRMATIVE DEFENSE

After-acquired evidence of plaintiff's misconduct, if discovered, may bar some or all of plaintiff's claims, allegations, or alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff has been damaged by unlawful conduct of defendant, which defendant expressly denies, plaintiff's claims for damages are barred to the extent she has failed to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff has been damaged by any unlawful conduct of defendant, which defendant expressly denies, defendant is entitled to set off from damages for plaintiff's interim earnings and for any amounts recovered by, or which reasonably could have been

recovered by, plaintiff through her efforts to mitigate damages or through recovery from a collateral source.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial as to equitable claims; rather, the Court must determine plaintiff's entitlement to such equitable relief and the amount to be awarded, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff's claims are barred, either in whole or in part, by any applicable statute of limitations, plaintiff is precluded from recovering on those claims.

**WHEREFORE,** defendant respectfully requests that judgment be entered in its favor and against plaintiff, and that it be awarded costs and attorneys' fees incurred in this action, as well as whatever further relief the Court deems just and appropriate.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
FBN: 351539
mccrear@gtlaw.com
GREENBERG TRAURIG, P.A.
Courthouse Plaza, Suite 100
625 E. Twiggs Street
Tampa, Florida 33602
813.318-5700
813.318-5900 Fax
Attorneys for Defendant
Neighborhood Restaurant Partners
Florida, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 8, 2014 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

> Robert S. Jones, Esquire
> P.O. Box 41643
> St. Petersburg, Florida  33743

>> /s/ Richard C. McCrea, Jr.
>> Attorney